# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

GAIGE GROSSKREUTZ,

        Plaintiff,

                                     Case No. 21-CV-1192

        v.

THE CITY OF KENOSHA, a municipal corporation;
KENOSHA COUNTY, a municipal corporation;
DAVID BETH, in his individual and official capacities;
DANIEL MISKINIS, in his individual and official capacities;
JOHN & JANE DOE POLICE OFFICERS 1-100, in their individual capacities;
COUNTY OF WAUKESHA;
COUNTY OF RACINE;
COUNTY OF SAUK;
COUNTY OF WALWORTH;
COUNTY OF WASHINGTON;
VILLAGE OF MENOMONEE FALLS;
CITY OF WEST ALLIS; and
KYLE RITTENHOUSE;

        Defendants.

---

## DAVID G. BETH, KENOSHA COUNTY, WAUKESHA COUNTY, RACINE COUNTY, SAUK COUNTY, WALWORTH COUNTY, AND WASHINGTON COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

---

NOW COME the defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, by their attorneys, Crivello Carlson, S.C., and as and for their Answer to Plaintiff's Amended Complaint, admit, deny and affirmatively allege as follows:

## INTRODUCTION

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

3.      Deny any allegation of a pattern of racist and violent behavior as directed against these answering defendants. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

6.      Admit that Kyle Rittenhouse was present in Kenosha, Wisconsin on August 5, 2020. Deny that Rittenhouse's carrying of a rifle on the streets of Kenosha was an "open violation of the law. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

7.      Deny and put Plaintiff to his proof.

8.      Deny and put Plaintiff to his proof.

2

9.      Deny that Rittenhouse's alleged actions were taken "as a result" of any alleged action or omission of these answering defendants and put Plaintiff to his proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

11.     Admit that Rittenhouse killed Joseph Rosenbaum. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny and put Plaintiff to his proof.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

3

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

24.     Admit that Rittenhouse shot and killed Anthony Huber. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

4

27.     Admit that Rittenhouse shot Mr. Grosskreutz. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

29.     Deny the allegation that these answering defendants deputized or enabled Rittenhouse. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof

30.     Deny and put Plaintiff to his proof.

## JURISDICTION AND VENUE

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

## PARTIES

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

36.    Admit.

37.    Admit that David G. Beth was the duly elected Sheriff of Kenosha County, Wisconsin during the relevant time frame, but deny that Plaintiff's description of Sheriff Beth's authority is either complete or correct and therefore deny the same putting Plaintiff to its proof. As further answer, affirmatively assert that David G. Beth is no longer the elected Sheriff of Kenosha County, Wisconsin and is therefore not the proper party for any official capacity claims alleged herein pursuant to Fed. R. Civ. P. 25(d). As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

40.    Admit.

41.    Admit.

42.    Admit.

43.    Admit.

44.    Admit.

6

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

50.     Admit that Rittenhouse shot Grosskreutz. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

## FACTS

### Kenosha Police Shoot Jacob Blake, Sparking Protests

51.     Admit that Kenosha Police Department Officer Rusten Sheskey shot Jacob Blake in Kenosha, Wisconsin on August 23, 2020. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

52.     Admit that people protested in Kenosha, Wisconsin on August 23, 2020 against the shooting of Jacob Blake. As to all remaining allegations, deny knowledge or information

7

sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to its proof.

53.     Deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof.

54.     Deny and put Plaintiff to his proof.

55.     Admit that a curfew was enacted in Kenosha, Wisconsin on August 23, 2020. As to the remaining allegations, deny and put Plaintiff to its proof.

56.     Deny that any officer from Kenosha County Sheriff's Office fired rubber bullets at any time on August 23, 2020. As for the remaining allegations, and as to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny those allegations in their entirety and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

57.     Admit that demonstrations continued in Kenosha, Wisconsin on August 24, 2020 and that Sheriff Beth enacted a curfew for 8:00 p.m. As to the remaining allegations, deny and put Plaintiff to his proof.

58.     Admit that there was an 8:00 p.m. curfew in effect in Kenosha, Wisconsin on August 25, 2020. As to any allegation that the curfew was "aimed at protestors," deny and put Plaintiff to his proof.

## KPD and KCSD Coordinate Their Response and Control of the Protests with Departments and Officers from Neighboring Communities

59.      Deny that Plaintiff's description is either complete or correct and therefore deny those allegations in their entirety and put Plaintiff to his proof.

60.      Deny that Plaintiff's description is either complete or correct and therefore deny those allegations in their entirety and put Plaintiff to his proof.

61.      Admit that the "Additionally Responding Departments" deployed equipment, service weapons, and crowd control tools that included less lethal munitions, but deny that any of these answering defendants deployed rubber bullets and deny that Plaintiff's description of the other "service weapons and crowd control tools" is either complete or correct as to these answering defendants, and therefore deny that allegation in its entirety putting Plaintiff to his proof. As to the allegation that the "Additionally Responding Departments" provided "armored military vehicles designed for use in war," deny that Plaintiff's description is either complete or correct and therefore deny the allegation in its entirety putting Plaintiff to his proof.

62.      Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

63.      Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any

9

wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

64. Deny that Plaintiff's allegation is either complete or correct and therefore deny the same and put Plaintiff to his proof.

### Defendants Know Armed Individuals Plan to Patrol
### Kenosha and Have Threatened Harm to Citizens

65. Admit.

66. Admit that armed individuals were present in the streets of Kenosha, Wisconsin on the evening of August 25, 2020. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

68. Responding to Paragraph 68 and all of its subparts, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

69. Deny the allegations as to these answering defendants and put Plaintiff to his proof. As to any other named defendants, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

70.     Deny that Mathewson "was known" to these answering defendants and put Plaintiff to its proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

73.     Deny and put Plaintiff to his proof.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

75.     As to these answering defendants, admit that they became aware that armed individuals were patrolling downtown Kenosha when on the scene. As to any other named defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation and therefore deny the same and put Plaintiff to his proof. As to the remaining allegations, including that armed individuals were "pro-militia," deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

### Defendant Rittenhouse Shoots Gaige Grosskreutz and Kills Two Others

76.     Admit that Kyle Rittenhouse was present and armed in Kenosha, Wisconsin on August 25, 2020. As to the remaining allegations, if any, deny knowledge or information

11

sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

77.     Upon information and belief, admit.

78.     Deny and put Plaintiff to his proof.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

80.     Upon information and belief, admit.

81.     Deny and put Plaintiff to his proof.

82.     Deny that Rittenhouse was in clear violation of Wisconsin law. Admit that Rittenhouse was not asked for identification, was not questioned, was not detained, and was not disarmed. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

83.     Deny that these answering defendants invited Rittenhouse in, deputized him, conspired with him, ratified his actions, or otherwise allowed Rittenhouse to "patrol the streets" and put Plaintiff to his proof thereon. As to any remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

84.     Deny and put Plaintiff to his proof.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

12

86.   Admit.

87.   Admit.

88.   Admit.

89.   Admit.

90.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

91.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

92.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

93.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

94.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

95.   Admit that Anthony Huber approached Rittenhouse. As to all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

96.   As to the allegation that Rittenhouse lacked any legal justification for his actions, a duly empaneled jury determined that Rittenhouse acted in self-defense and was therefore legally justified in shooting Huber. Accordingly, deny that portion of the paragraph and put Plaintiff to his proof. As to the remaining allegations, deny knowledge or information

13

sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

97.     Admit that Rittenhouse shot Gage Grosskreutz and that Grosskreutz survived. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

**The Law Enforcement Defendants Authorize Defendant Rittenhouse's Shootings**

99.     As to the allegation that Rittenhouse was illegally carrying a gun, deny and put Plaintiff to his proof. As for the remaining allegations and only as to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof. As to any remaining allegations, and as to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

100.    Deny and put Plaintiff to his proof.

101.    Deny and put Plaintiff to its proof.

14

102. Deny and put Plaintiff to its proof.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

104. As to these answering defendants, admit that they were aware of the presence of armed individuals on the streets of Kenosha on the night of August 25, 2020 and that such individuals, as well as hundreds of unarmed individuals, were in violation of the curfew order. As to the remaining allegations, and as to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

109. As to these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or

15

otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

111.    Deny the allegation that Rittenhouse was "obviously [of] tender age" and put Plaintiff to his proof. As for the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

113.    Admit that law enforcement made announcements over loudspeakers "This is the last warning. You will disperse," and "This area is closed you are trespassing, leave now." Deny that these announcements or orders were directed only against protestors or any particular group of individuals and put Plaintiff to his proof. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

16

114.    Deny and put Plaintiff to his proof.

115.    Deny and put Plaintiff to his proof.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

117.    Deny and put Plaintiff to his proof.

118.    Deny and put Plaintiff to his proof.

119.    Deny the allegation of "funneling" and therefore deny the paragraph in its entirety and put Plaintiff to his proof.

120.    Deny and put Plaintiff to his proof.

121.    Deny and put Plaintiff to his proof.

122.    Deny and put Plaintiff to his proof.

123.    Deny and put Plaintiff to his proof.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

125.    Deny and put Plaintiff to his proof.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

127.    Deny and put Plaintiff to his proof.

128.    Deny and put Plaintiff to his proof.

129.    Deny and put Plaintiff to his proof.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

131.    As to the allegations regarding Chief Miskinis, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof. As to the remaining allegations regarding disparate treatment of Black people, deny and put Plaintiff to his proof.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

## Racial Discrimination and Viewpoint Discrimination

133.    Deny and put Plaintiff to his proof.

134.    Deny and put Plaintiff to his proof.

135.    Deny and put Plaintiff to his proof.

136.    As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

137.    As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety

18

putting Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

138.    As to the allegations against these answering defendants, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise. As to the allegations against any other party, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

139.    Upon information and belief, admit.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

143.    Deny and put Plaintiff to his proof.

19

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

145.     Deny that protestors were treated differently than armed individuals by these answering defendants. As to the remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

146.     Deny that these answering defendants "allied themselves" with any armed individuals and therefore deny the paragraph in its entirety putting Plaintiff to his proof.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

155.    Deny any history of racially discriminatory conduct and put Plaintiff to his proof. As to the remaining allegations, deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof. As further answer, affirmatively deny any wrongdoing, improper conduct or violation of Plaintiff's rights by these answering defendants as alleged by Plaintiff or otherwise.

## LEGAL CLAIMS

### COUNT I:
**42 U.S.C. § 1983**
**CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS**
**(Against All Defendants)**

156.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

157.    Deny and put Plaintiff to his proof.

158.    Deny and put Plaintiff to its proof.

159.    Deny and put Plaintiff to its proof.

160.    Deny and put Plaintiff to its proof.

161.    Deny and put Plaintiff to its proof.

Case 2:21-cv-01192-LA   Filed 04/14/23   Page 21 of 32   Document 36

162. As to these answering defendants, deny and put Plaintiff to his proof. As to the allegations as directed against any other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

163. Deny and put Plaintiff to his proof.

## COUNT II:
### 42 U.S.C. § 1985 (3)
### CONSPIRACY TO OBSTRUCT JUSTICE BASED ON INVIDIOUS DISCRIMINATION
### (Against All Defendants)

164. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

165. This paragraph states a legal conclusion to which no response is required. To the extent that facts are alleged or an answer is necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

166. Deny and put Plaintiff to his proof.

167. Deny and put Plaintiff to his proof.

168. Deny and put Plaintiff to his proof.

169. Deny and put Plaintiff to his proof.

170. Deny and put Plaintiff to his proof.

171. Deny and put Plaintiff to his proof.

22

172. Deny and put Plaintiff to his proof.

173. Deny and put Plaintiff to his proof.

174. Deny and put Plaintiff to his proof.

## COUNT III:
**42 U.S.C. § 1983, 42 U.S.C. § 1985(2)**
**EQUAL PROTECTION**
**(Against All Defendants)**

175. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

176. Deny and put Plaintiff to his proof.

177. Deny and put Plaintiff to his proof.

178. Deny and put Plaintiff to his proof.

179. Deny and put Plaintiff to his proof.

180. Deny and put Plaintiff to his proof.

181. Deny and put Plaintiff to his proof.

182. Deny and put Plaintiff to his proof.

## COUNT IV:
**42 U.S.C. § 1983**
**FIRST AMENDMENT RETALIATION**
**(Against All Defendants)**

183. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

184. Deny and put Plaintiff to his proof.

23

185. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

187. Deny and put Plaintiff to his proof.

188. Deny and put Plaintiff to his proof.

189. Deny and put Plaintiff to his proof.

190. Deny and put Plaintiff to his proof.

191. Deny and put Plaintiff to his proof.

192. Deny and put Plaintiff to his proof.

193. Deny and put Plaintiff to his proof.

## COUNT V:
### 42 U.S.C. § 1983
### DEPRIVATION OF DUE PROCESS
### (Against All Defendants)

194. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

195. Deny and put Plaintiff to his proof.

196. Deny and put Plaintiff to his proof.

197. Deny and put Plaintiff to his proof.

198. Deny and put Plaintiff to his proof.

199. Deny and put Plaintiff to his proof.

24

200.    Deny and put Plaintiff to his proof.

201.    Deny and put Plaintiff to his proof.

## COUNT VI:
### 42 U.S.C. § 1986
### FAILURE TO INTERVENE
### (Against All Law Enforcement Defendants)

202.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

203.    Deny and put Plaintiff to his proof.

204.    Deny the existence of any "conspiratorial wrongs" and therefore deny this paragraph in its entirety, putting Plaintiff to his proof.

205.    Deny the existence of any "wrongful acts" and therefore deny this paragraph in its entirety, putting Plaintiff to his proof.

206.    Deny and put Plaintiff to his proof.

207.    Deny and put Plaintiff to his proof.

## COUNT VII:
### 42 U.S.C. § 1983
### Municipal Liability/*Monell* Policy Claim
### (Against Municipal Defendants)

208.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

209.    Deny and put Plaintiff to his proof.

210.    Deny and put Plaintiff to his proof.

211.    Deny and put Plaintiff to his proof.

25

212.   Deny and put Plaintiff to his proof.

213.   Deny and put Plaintiff to his proof.

214.   Deny and put Plaintiff to his proof.

215.   Deny and put Plaintiff to his proof.

216.   Deny and put Plaintiff to his proof.

217.   Deny and put Plaintiff to his proof.

## COUNT VIII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Rittenhouse)

218.   These answering defendants incorporate the preceding paragraphs as if restated fully herein.

219.   Deny and put Plaintiff to his proof.

220.   Deny and put Plaintiff to his proof.

221.   Deny and put Plaintiff to his proof.

222.   Deny and put Plaintiff to his proof.

223.   Deny and put Plaintiff to his proof.

## COUNT IX:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Rittenhouse, Miskinis, Beth, City of Kenosha, Kenosha County, and John Doe Defendants)

224.   These answering defendants incorporate the preceding paragraphs as if restated fully herein.

225.   Deny and put Plaintiff to his proof.

26

226. Deny and put Plaintiff to his proof.

227. Deny and put Plaintiff to his proof.

228. Deny and put Plaintiff to his proof.

## COUNT X:
## NEGLIGENCE
### (Against Defendants Beth, Miskinis, City of Kenosha, Kenosha County, and John Doe Defendants)

229. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

230. Admit.

231. Deny and put Plaintiff to his proof.

232. Deny and put Plaintiff to his proof.

## COUNT XI:
## NEGLIGENT HIRING, SUPERVISION AND TRAINING
### (Against Law Enforcement Defendants)

233. These answering defendants incorporate the preceding paragraphs as if restated fully herein.

234. Deny and put Plaintiff to his proof.

235. Deny that Plaintiff's description is either complete or correct and therefore deny the paragraph in its entirety putting Plaintiff to his proof.

236. Deny and put Plaintiff to his proof.

237. Deny and put Plaintiff to his proof.

27

## COUNT XII:
## BATTERY
### (Against Defendant Rittenhouse)

238.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

242.    Admit that Rittenhouse shot Mr. Grosskreutz. As for all remaining allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same and put Plaintiff to his proof.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

28

## COUNT XIII:
## ASSAULT
## (Against Defendant Rittenhouse)

246.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

247.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

250.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to his proof.

## COUNT XIV:
## RESPONDEAT SUPERIOR
## (Against Defendants City of Kenosha and Kenosha County)

252.    These answering defendants incorporate the preceding paragraphs as if restated fully herein.

253.    Deny that these answering defendants committed the acts alleged in the preceding paragraphs and therefore deny the paragraph in its entirety putting Plaintiff to his proof.

254.    Deny and put Plaintiff to his proof.

29

## **AFFIRMATIVE DEFENSES**

NOW COME these defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, by their attorneys, Crivello Carlson, S.C., and as and for their separate and additional affirmative defenses, allege as follows:

a.  The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff and the failure to mitigate;

b.  The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these answering defendants;

c.  Plaintiff cannot establish that any acts or non-acts of these answering defendants caused Plaintiff's constitutional deprivations, if any;

d.  The Amended Complaint contains allegations that fail to state claims upon which relief may be granted as against these answering defendants;

e.  Defendants are immune from suit by immunities including qualified immunity;

f.  Plaintiff has failed to state claims for and is not legally entitled to compensatory damages;

g.  Plaintiff has failed to state claims for and is not legally entitled to punitive damages;

30

h.     Any injuries or damages sustained by Plaintiff are the result of an intervening and/or superseding cause preventing Plaintiff any rights of recovery against these answering defendants;

i.     At all times relevant to matters alleged in Plaintiff's Amended Complaint, these answering defendants acted in good faith, in accordance with established laws and administrative rules;

j.     All or portions of Plaintiff's Amended Complaint must be dismissed because one or more of these answering defendants had no personal involvement whatsoever in the events leading to or surrounding the incident that is the basis of this lawsuit;

k.     No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of *respondeat superior*, or supervisory liability;

l.     Plaintiff's state law claims against these answering defendants are subject to limitations, requirements, caps and immunities in Wis. Stat. § 893.80; and

m.     Defendants reserve the right to name additional affirmative defenses, as they may become known through further discovery or other in this action.

WHEREFORE, these defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County, respectfully demand judgment as follows:

31

A.    For dismissal of Plaintiff's Amended Complaint, on the merits and with prejudice;

B.    For costs and disbursements of this action; and

C.    For such other and further relief as this Court may deem just and equitable.


**DEFENDANTS HEREBY DEMAND A JURY TRIAL.**



Dated this 14th day of April, 2023.


By:  /s        Sara C. Mills
      SAMUEL C. HALL, JR.
      State Bar No. 1045476
      SARA C. MILLS
      State Bar No. 1029470
      MICAELA E. HAGGENJOS
      State Bar No. 1118840
      Attorneys for Defendants, David G. Beth, Kenosha County, Waukesha County, Racine County, Sauk County, Walworth County, and Washington County
      CRIVELLO CARLSON, S.C.
      710 N. Plankinton Avenue, Suite 500
      Milwaukee, WI  53203
      Phone: (414) 271-7722
      Fax: (414) 271-4438
      E-mail:  shall@crivellocarlson.com
                smills@crivellocarlson.com
                mhaggenjos@crivellocarlson.com